# Exhibit A

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO

| | |
|---|---|
| ROSE WALLACE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOVE'S TRAVEL STOPS & | )    Case No.: CL-21-660-00 |
| COUNTRY STORES, INC., and | ) |
| | ) |
| RYAN, LLC, | ) |
|     Defendants. | ) |

**Serve:** Love's Travel Stops & Country Stores, Inc.
      c/o CT Corporation System, Registered Agent
      4701 Cox Road, Ste 285
      Glen Allen, VA 23060

      Ryan, LLC
      c/o C T Corporation System, Registered Agent
      4701 Cox Rd., Suite 285
      Glen Allen, VA 23060

## COMPLAINT

Plaintiff, Rose Wallace ("Ms. Wallace"), by counsel, for her Complaint seeking judgment against Love's Travel Stops & Country Stores, Inc., and Ryan, LLC, alleges as follows:

## FACTS

1. On or about March 29, 2019, Rose Wallace (hereinafter referred to as "plaintiff") was a business invitee at the Love's Travel Stop located at 23845 Rogers Clark Blvd. in Ruther Glen, Virginia, which was owned and/or operated by Love's Travel Stops & Country Stores, Inc., (hereinafter referred to as "Love") and Ryan, LLC, (hereiafter referred to as "Ryan"). Love and Ryan will be collectively referred to as "defendants."

Jan 27 2021
RECEIVED & FILED IN OFFICE
Deputy Clerk, Henrico Circuit Court

2. Love has a registered agent in Henrico County, Virginia, and conducts substantial business activity in Virginia.

3. Ryan has a registered agent in Henrico County, Virginia.

4. The defendants hold themselves out as owners and/or operators of the Love's Travel Stop located at 23845 Rogers Clark Blvd. in Ruther Glen, Virginia (hereinafter referred to as "travel stop").

5. This case arises out of a premises liability incident that occurred on or about March 29, 2019, involving an uncovered manhole (hereinafter referred to as "manhole") on the premises of the travel stop that is open to the public, including the plaintiff.

6. At the time of the accident, the plaintiff was walking towards the travel stop entrance to purchase coffee.

7. While navigating the travel stop parking lot and keeping a lookout for tractor trailers and other vehicles in the parking lot, Ms. Wallace stepped in the open manhole resulting in injury.

8. There were no warnings, markers and/or signs to indicate the manhole was uncovered or any other danger.

9. The defendants knew, or should have known, that members of the public, including the plaintiff, would walk through their parking lot, thereby being exposed to the dangerous condition created by the manhole.

10. Despite this knowledge the defendants took no steps to warn the public, including the plaintiff, of the dangerous condition created by the manhole.

11. The defendants further took no steps to correct the unreasonably dangerous condition created by the manhole, of which they knew or should have known.

12. As a direct result of the uncovered manhole, Ms. Wallace suffered severe and permanent physical, mental, emotional injuries and loss of earnings. These injuries include, but are not limited to, her leg, neck, head, back, a torn meniscus, and a pinched nerve in her neck.

13. The defective and unreasonably dangerous condition of the manhole as alleged herein directly and proximately caused the accident on March 19, 2019.

14. By owning and operating a gas service station, defendants knew or should have known the manhole was uncovered and created an unreasonably dangerous condition on their premises.

15. At all times relevant hereto, defendants knew or should have known that the uncovered manhole created foreseeable and unreasonable risk of harm, including the likelihood of serious injury to any individual that steps in it.

16. The plaintiff did not know about, and had no reason to know about, the uncovered manhole and the unreasonably dangerous condition it created on the defendants' premises.

## COUNT I
## NEGLIGENCE – LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.

17. Plaintiff readopts and realleges all of the paragraphs of this Complaint as if fully set forth herein.

18. At all relevant times, Love was in the business of operating a gas service station to the general public and customers of the travel stop. Ms. Wallace was a customer of Love at the time of this accident.

19. Love had duty to use ordinary care and skill in its conduct so it would not cause danger of injury to the person of another, including the plaintiff.

20. Love breached its aforementioned duties in various ways, including, but not limited to, one or more of the following negligent acts:

   a. Failure to properly maintain its premises, including the manhole and manhole cover, in a safe condition;

   b. Failure to make reasonable inspections of its premises to discover the unreasonably dangerous condition presented by the manhole;

   c. Failure to warn customers, including Ms. Wallace, of the uncovered manhole and the unreasonable danger it posed, of which Love knew or should have known through the exercise of reasonable care;

   d. Failure to fix the unreasonably dangerous hazard presented by the uncovered manhole; and

   e. Other negligent acts and omissions to be developed in the course of discovery.

21. Love knew or should have known that exposing customers to the unreasonably dangerous hazard relating to the manhole would result in serious bodily injuries to customers, including Ms. Wallace.

22. Love's breach of its aforementioned duties caused Ms. Wallace to fall into the uncovered manhole, resulting in injury to Ms. Wallace.

23. As a direct and proximate result of the breaches set forth in this Count, Ms. Wallace suffered severe physical injuries, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity and handicap and embarrassment associated with the same, incurred medical, nursing, attendant care and life care expenses for her care and treatment, and wage loss. These injuries and wage loss are either permanent or

continuing in their nature and Ms. Wallace will suffer such losses and impairments in the future.

## COUNT II
## PREMISES LIABILITY – LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.

24. Ms. Wallace readopts and realleges all of the paragraphs of this Complaint as if fully set forth herein.

25. As the operator of the travel stop, Love extended an invitation, whether express or implied, to the general public, including Ms. Wallace. The premises were open to the public, and Ms. Wallace entered the premises for the purpose of which it was open.

26. Love had a duty of reasonable care to maintain its premises in a reasonably safe condition, including the duty to discover dangerous conditions and foresee injury, and/or to warn invitees, including Ms. Wallace, of hidden dangers.

27. Love had a duty to keeps its premises free of dangerous conditions and hazards of which it knew or should have known.

28. Love had a duty to use ordinary care to maintain its premises in a reasonably safe condition.

29. The uncovered manhole constituted an unsafe condition on Love's premises.

30. Love was careless and negligent in permitting the manhole in question to be uncovered where a person could fall into the manhole, in failing to take adequate precautions to prevent customers from falling in the manhole, and in failing to warn individuals of the hazardous condition created by the manhole.

31. Love knew, or should have known, that the uncovered manhole on its premises created a dangerous condition in that an uncovered manhole is in and of itself dangerous.

32. Love knew, or should have known, of the uncovered manhole as the manhole was uncovered by Love, by one of its' employees or agents, or because the uncovered manhole existed for a length of time sufficient for Love to have discovered the dangerous condition through the exercise of ordinary care.
33. Love knew, or should have known, that an uncovered manhole presented the risk of injury to individuals on its premises open to the public, including the plaintiff.
34. The dangerous condition posed by the manhole was not known to Ms. Wallace.
35. The dangerous condition posed by the manhole had existed for a length of time sufficient for Love to have discovered the dangerous condition through the exercise of reasonable care and reasonable inspections.
36. The dangerous and defective condition of Love's premises caused Ms. Wallace to fall into the manhole, resulting in Ms. Wallace's injuries.
37. Love breached its aforementioned duties in various ways, including, but not limited to, one or more of the following acts:
    a. Failure to maintain its premises in a reasonably safe condition, including, but not limited to, covering the manhole;
    b. Failure to make reasonable inspections of its premises to discover the unreasonably dangerous condition crated by the uncovered manhole;
    c. Failure to warn customers, including Ms. Wallace, of the uncovered manhole and the unreasonable danger it posed, of which it knew or should have known through the exercise of reasonable care; and
    d. Other acts and omissions to be developed in the course of discovery.

38. As a direct and proximate result of the breaches set forth in this Count, Ms. Wallace suffered severe physical injuries, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity and handicap and embarrassment associated with the same, incurred medical, nursing, attendant care and life care expenses for her care and treatment, and wage loss. These injuries and wage loss are either permanent or continuing in their nature and Ms. Wallace will suffer such losses and impairments in the future.

**WHEREFORE,** as compensation for injuries suffered due to the defendant's negligence and breach of their duty to maintain their premises, as described above, Ms. Wallace prays that this Court enter judgment in her favor and against Love's Travel Stops & Country Stores, Inc. for THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00), together with pre-judgment interest from March 29, 2019, and costs.

**A TRIAL BY JURY IS REQUESTED.**

## COUNT III
## NEGLIGENCE – RYAN, LLC

39. Plaintiff readopts and realleges all of the paragraphs of this Complaint as if fully set forth herein.
40. At all relevant times, Ryan was in the business of operating a gas service station to the general public and customers of the travel stop. Ms. Wallace was a customer of Ryan at the time of this accident.
41. Ryan had duty to use ordinary care and skill in its conduct so it would not cause danger of injury to the person of another, including the plaintiff.
42. Ryan breached its aforementioned duties in various ways, including, but not limited to, one or more of the following negligent acts:

    a. Failure to properly maintain its premises, including the manhole and manhole cover, in a safe condition;

    b. Failure to make reasonable inspections of its premises to discover the unreasonably dangerous condition presented by the manhole;

    c. Failure to warn customers, including Ms. Wallace, of the uncovered manhole and the unreasonable danger it posed, of which Ryan knew or should have known through the exercise of reasonable care;

    d. Failure to fix the unreasonably dangerous hazard presented by the uncovered manhole; and

    e. Other negligent acts and omissions to be developed in the course of discovery.

43. Ryan knew or should have known that exposing customers to the unreasonably dangerous hazard relating to the manhole would result in serious bodily injuries to customers, including Ms. Wallace.

44. Ryan's breach of its aforementioned duties caused Ms. Wallace to fall into the uncovered manhole, resulting in injury to Ms. Wallace.

45. As a direct and proximate result of the breaches set forth in this Count, Ms. Wallace suffered severe physical injuries, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity and handicap and embarrassment associated with the same, incurred medical, nursing, attendant care and life care expenses for her care and treatment, and wage loss. These injuries and wage loss are either permanent or continuing in their nature and Ms. Wallace will suffer such losses and impairments in the future.

## COUNT IV
## **PREMISES LIABILITY – RYAN, LLC**

46. Ms. Wallace readopts and realleges all of the paragraphs of this Complaint as if fully set forth herein.

47. As the operator of the travel stop, Ryan extended an invitation, whether express or implied, to the general public, including Ms. Wallace. The premises were open to the public, and Ms. Wallace entered the premises for the purpose of which it was open.

48. Ryan had a duty of reasonable care to maintain its premises in a reasonably safe condition, including the duty to discover dangerous conditions and foresee injury, and/or to warn invitees, including Ms. Wallace, of hidden dangers.

49. Ryan had a duty to keeps its premises free of dangerous conditions and hazards of which it knew or should have known.

50. Ryan had a duty to use ordinary care to maintain its premises in a reasonably safe condition.

51. The uncovered manhole constituted an unsafe condition on Ryan's premises.

52. Ryan was careless and negligent in permitting the manhole in question to be uncovered where a person could fall into the manhole, in failing to take adequate precautions to prevent customers from falling in the manhole, and in failing to warn individuals of the hazardous condition created by the manhole.

53. Ryan knew, or should have known, that the uncovered manhole on its premises created a dangerous condition in that an uncovered manhole is in and of itself dangerous.

54. Ryan knew, or should have known, of the uncovered manhole as the manhole was uncovered by Ryan, by one of its' employees or agents, or because the uncovered

manhole existed for a length of time sufficient for Ryan to have discovered the dangerous condition through the exercise of ordinary care.

55. Ryan knew, or should have known, that an uncovered manhole presented the risk of injury to individuals on its premises open to the public, including the plaintiff.

56. The dangerous condition posed by the manhole was not known to Ms. Wallace.

57. The dangerous condition posed by the manhole had existed for a length of time sufficient for Ryan to have discovered the dangerous condition through the exercise of reasonable care and reasonable inspections.

58. The dangerous and defective condition of Ryan's premises caused Ms. Wallace to fall into the manhole, resulting in Ms. Wallace's injuries.

59. Ryan breached its aforementioned duties in various ways, including, but not limited to, one or more of the following acts:

   f. Failure to maintain its premises in a reasonably safe condition, including, but not limited to, covering the manhole;

   g. Failure to make reasonable inspections of its premises to discover the unreasonably dangerous condition crated by the uncovered manhole;

   h. Failure to warn customers, including Ms. Wallace, of the uncovered manhole and the unreasonable danger it posed, of which it knew or should have known through the exercise of reasonable care; and

   i. Other acts and omissions to be developed in the course of discovery.

60. As a direct and proximate result of the breaches set forth in this Count, Ms. Wallace suffered severe physical injuries, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity and handicap and embarrassment associated

with the same, incurred medical, nursing, attendant care and life care expenses for her care and treatment, and wage loss. These injuries and wage loss are either permanent or continuing in their nature and Ms. Wallace will suffer such losses and impairments in the future.

**WHEREFORE**, as compensation for injuries suffered due to the defendant's negligence and breach of their duty to maintain their premises, as described above, Ms. Wallace prays that this Court enter judgment in her favor and against Ryan, LLC, for THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00), together with pre-judgment interest from March 29, 2019, and costs.

**A TRIAL BY JURY IS REQUESTED.**

                                            ROSE WALLACE

                                            By: _____
                                                            Of Counsel

Daniel Renfro (VSB: 74187)
Renfro & Renfro, PLLC
11600 Busy Street, Ste 203
Richmond, Virginia 23236
P: (804) 601-4433
F: (804) 621-2318
dan@renfrolegal.com
*Counsel for Plaintiff*

***SCANNED***
DLT
RECEIVED
JAN 27 2021
CLERK'S OFFICE
HENRICO CIRCUIT COURT

MSW
3:45